STATE ex rel. BROWN, COUNTY ATTORNEY, Appellant, v. BUFFALO RAPIDS CLUB et al., Respondents.

No. 8967

Submitted April 25, 1950. Decided July 7, 1950.

220 Pac. (2d) 1014

Mr. Cecil N. Brown, County Attorney, Terry, Mr. Arnold H. Olsen, Atty. Gen., Mr. Willis B. Jones, Mr. Philip O'Donnell, Asst. Attys. Gen., for appellant.

Mr. Olsen, Mr. Jones and Mr. Brown argued orally.

PER CURIAM.

Appeal by the state from order and decree of the district court of Prairie county, the Hon. S. D. McKinnon, district judge, presiding, entered in an action instituted by the county attorney of such county seeking to enjoin the operation of five coin-operated slot machines and to abate as a public nuisance the building wherein they were operated and kept.

The defendants Chris Grenz and Rose Grenz own a certain described parcel of land in Prairie county, including the building thereon. In this building the defendant Chris Grenz and the defendant Warren L. Calhoun, as partners, operated a public bar and dance hall which they called the Fallon Club.

In June 1948 the defendant Buffalo Rapids Club was incorporated as a so-called "nonprofit" organization or social club and shortly thereafter "it was sold to Warren L. Calhoun and Associates." The record fails to disclose the identity of the so-called "Associates." Thereafter Buffalo Rapids Club acquired from the defendant Chris Grenz five coin-operated slot machines for the agreed purchase price of $1560 to be paid in monthly installments of $100 each until paid in full. At the

174

time of the trial the unpaid balance owing to Grenz on the purchase price was six or seven hundred dollars.

The officers of the Buffalo Rapids Club were: Suzanne Calhoun, president, Ray Corneluson, vice-president, and Warren L. Calhoun, secretary-treasurer.

Warren L. Calhoun was the manager in charge of the operation of Buffalo Rapids Club and as such took in the money derived from the operation of the slot machines. He testified that Buffalo Rapids Club paid a rent of $50 per month to the Fallon Club for the space occupied by the machines; that about once or twice a week a representative of Chris Grenz, the owner of the machines, would check and divide the cash in the machines taking out a sum to be applied on the installment payments to fall due on the purchase price of such machines. The record is clear that the chief activity of the Buffalo Rapids Club was the operation of such slot machines.

Viewed in the light most favorable to defendants, it is obvious that running, conducting, maintaining, keeping and possessing the five slot machines constitutes gambling banned by the laws of this state and that such machines so kept and maintained constitute a public nuisance. R. C. M. 1947, sec. 94-2409; State ex rel. Replogle v. Joyland Club, 124 Mont. 122, 220 Pac. (2d) 988.

The payment to the state board of equalization of a license fee does not lift the ban of our criminal laws nor does it justify the operation of such prohibited gambling devices. State v. Israel, 124 Mont. 152, 220 Pac. (2d) 1003.

The order and decree of the district court dissolving the temporary restraining order and dismissing the action with costs to defendants are reversed and the cause is remanded to the district court for further proceedings not in conflict with this opinion, to be had and done according to law, and the trial court's attention is particularly directed to this court's recent opinions in State v. Israel, supra, and State ex rel. Replogle v. Joyland Club, supra.

The remittitur will issue forthwith.

MR. JUSTICE FREEBOURN (dissenting):

The state of Montana, having given the defendant organization, under authority of Chapter 142, Session Laws of Montana, 1945, for a price paid, the license and right to possess and operate such slot machines, cannot, rightfully, find the defendant organization guilty of a nuisance in possessing and operating such machines.

Section 57-104, R. C. M. 1947, directs this shall not be done. It provides: "Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance."

This is also the general law. See 46 C. J., Nuisances, sec. 40, p. 672, and 39 Am. Jur., Nuisances, sec. 204, p. 480.